IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BRENDA JACKSON,  )
 )
    Plaintiff,  )
 )
vs.  )
 )  No.:3-11-0894
STATE OF TENNESSEE, TENNESSEE  )
DEPARTMENT OF CORRECTION,  )  Judge TRAUGER
 )
 )  JURY DEMANDED
 )

CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d) the following Case Management Order is entered:

**A. Jurisdiction.** Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §2000e, and is not in dispute for the federal claims. Defendant asserts sovereign immunity pursuant to the Eleventh Amendment for claims brought under the Tennessee Human Rights Act.

**Service of Process.** Service of Process was timely made on the defendant and is not in issue.

**B. Parties' theories of the Case.**

    **1. Plaintiff's Theory.**

Plaintiff is a female with an extensive work history dealing with individuals with mental health issues and the incarcerated. Plaintiff was employed by Defendant at Riverbend

1

Maximum Security Prison working under the supervision of Unit Manager Lloyd. While working under Lloyd, Plaintiff was subjected to a hostile work environment based upon gender. Further, Lloyd would repeatedly warn Plaintiff that if an employee turned against him, or caused problems for him, he would cause problems for such an employee. Lloyd bragged of his retaliatory actions towards employees. Plaintiff reported Lloyd's actions to the warden. As Lloyd had warned, Plaintiff suffered acts of reprisal, to include transfer to a less desirable job. Plaintiff alleges that the acts of the defendant constitute unlawful discrimination, retaliation and amount to a constructive discharge. Plaintiff has suffered and will continue to suffer damages, to wit: lost wages, lost employment opportunities, compensatory damages for emotional distress, pain and suffering, embarrassment and humiliation, attorney fees and costs.

2. **Defendant's Theory.**

Plaintiff alleged she was the victim of sexual harassment and gender discrimination based upon the actions of her immediate supervisor, William Lloyd. When Defendant became aware of Plaintiff's allegations, Defendant took immediate steps, per Tennessee Department of Correction's polices, to remove Plaintiff from Lloyd's supervision pending the investigation into Plaintiff's complaints. Defendant exercised reasonable care to prevent, and correct promptly, any discriminatory or harassing behavior. In exercising this reasonable care, changes were made to Plaintiff's job

2

assignments and work schedules. Such changes were made based upon the best interests of Plaintiff and the prison. Defendant had legitimate, non-discriminatory, non-retaliatory reasons for every employment action and decision it made regarding Plaintiff. None of Defendant's actions were taken in an effort to retaliate against Plaintiff. Plaintiff was not constructively discharged. Plaintiff voluntarily resigned after being allowed to take approximately two weeks of leave. Defendant is not responsible for any damages incurred by Plaintiff.

C. **Issues resolved**: Federal jurisdiction and venue.
D. **Issues still in dispute**: Jurisdiction of state law claims, liability and damages.
E. **Initial disclosures**: The parties shall make their Rule 26(a)(1) initial disclosures on or before **January 20, 2012**.
F. **Discovery**: The parties shall complete all written discovery and depose all fact witnesses on or before June 18, 2012. There shall be no stay of discovery disposition motions, unless ordered by the court. Local Rule 9(a)(2) is expanded to allow forty (40) interrogatories, including subparts. No motions related to discovery shall be filed until a discovery dispute conference has taken place and the attorneys have conferred in good faith and, unable to resolve their differences, have scheduled and participated

3

in a conference call with Judge Trauger.

G. **Motions to Amend**: The parties shall file all Motions to Amend on or before **March 1, 2012.**

H. **Disclosure of Experts**: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 9, 2012.** The defendant shall identify and disclose all expert witnesses and expert reports on or before **August 13, 2012.**

I. **Deposition of Expert Witnesses**: The parties shall depose all expert witnesses on or before **October 15, 2012.**

J. **Joint Mediation Report**: The parties shall file a joint mediation report on or before **June 29, 2012.**

K. **Dispositive Motions**: The parties shall file all dispositive motions on or before **November 19, 2012.** Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motions. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment in terms of overall economy of time and expense for the parties, counsel and the

court.

L. **Electronic discovery**: The parties shall come to their own agreement to provide discovery in electronic form and shall not be bound by Administrative Order No. 174.

M. **Estimated trial time**: The parties expect the trial to last approximately three (3) days.

**IT IS SO ORDERED.**

_____
**ALETA A. TRAUGER**
**United States District Judge**

**APPROVED FOR ENTRY:**

*/s/Debra A. Wall*
Debra A. Wall, B.P.R. #11331
Attorney for Plaintiff
133 Franklin Street
Clarksville, Tennessee 37040
Tele. (931) 906-3904
Fax (931) 906-3904
e-mail debraawall@msn.com

*/s/Gregory W. Holt*
Gregory W. Holt
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Tele. (615) 741-2472